IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

**NICOLE TAYLOR, Individually and on**                                       **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                        No. 4:22-cv-619

**DREAM TEAM PIZZA, LLC**                                                     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Nicole Taylor ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Harness of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Dream Team Pizza, LLC ("Defendant"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the wage laws of the Missouri Revised Statutes, § 290.101, *et seq.* ("RSMo").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient wages under the FLSA and the RSMo within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the RSMo as described, *infra*.

Page 1 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK    Document 1    Filed 09/29/22    Page 1 of 13

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under RSMo form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Missouri.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Missouri has personal jurisdiction over Defendant, and Defendant therefore "resides" in Missouri.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Western Division of the Western District of Missouri. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Jackson County.

10. Defendant is a domestic limited liability company.

11. Defendant's registered agent for service of process is Jamie Poulsen at 244 West Mill Street, Suite 104, Liberty, Missouri 64068.

## IV. FACTUAL ALLEGATIONS

12. Defendant owns and operates Domino's franchises in Missouri.

Page 2 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action
Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 2 of 13

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

15. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

16. Specifically, Defendant employed Plaintiff as an hourly-paid Delivery Driver from approximately November of 2020 until June of 2021.

17. Defendant also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

18. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the RSMo.

20. Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA and the RSMo.

Page 3 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 3 of 13

21. Defendant also classified other Delivery Drivers as nonexempt from the overtime provisions of the FLSA.

22. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

23. Defendant is an "employer" within the meaning set forth in the FLSA and the RSMo, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

24. Plaintiff and the other Delivery Drivers at Defendant's restaurants work "dual jobs." Specifically, they deliver food to Defendant's customers and receive tips, and they also work inside the store completing nontipped duties.

25. Defendant paid Plaintiff and other Delivery Drivers a rate at or close to minimum wage per hour for work performed while in the store.

26. Defendant paid Plaintiff and other Delivery Drivers less than minimum wage per hour for all hours worked outside of the restaurant making deliveries. In other words, Defendant takes advantage of the "tip credit" provision of the FLSA pursuant to 29 U.S.C. § 203(m) while Plaintiff and other Delivery Drivers are out making deliveries.

27. Plaintiff and other Delivery Drivers would "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate.

Page 4 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 4 of 13

28. Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

29. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

30. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

31. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses nor does Defendant keep records of all of those expenses.

32. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

33. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

34. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

35. Defendant reimburses Plaintiff and other Delivery Drivers at or around $0.33 per mile.

Page 5 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action
Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 5 of 13

36. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2019: 58 cents/mile
> 2020: 57.5 cents/mile
> 2021: 56 cents/mile
> 2022: 58.5 cents/mile

37. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

38. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

39. All of Defendant's Delivery Drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs.

40. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

41. Defendant charges customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver per the Domino's website (www.dominos.com).

42. Because Defendant paid Plaintiff and other Delivery Drivers a gross hourly wage at or around the applicable minimum wage, and because Plaintiff and other

Page 6 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action
Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 6 of 13

Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

43. In 2021, for example, Defendant under-reimbursed Plaintiff and other Delivery Drivers at a rate of $0.23 per mile (IRS standard rate of $0.56 minus the actual reimbursement of $0.33).

44. Thus, in 2021, if Plaintiff completed 2 delivery trips per hour and if each delivery was 10 miles roundtrip, Plaintiff would have consistently "kicked back" to Defendant approximately $4.60 per hour ($0.23 per mile x 2 delivery trips per hour x 10 miles per delivery).

45. Plaintiff drove sufficient miles per hour that the amount she "kicked back" to Defendant caused her constructive hourly rate to fall below the statutory minimum wage.

46. Defendant knew or should have known that it was not paying Plaintiff and other Delivery Drivers sufficient minimum wages.

47. Defendant has willfully failed to pay minimum wage to Plaintiff and similarly situated Delivery Drivers.

## V. REPRESENTATIVE ACTION ALLEGATIONS

48. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

Page 7 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 7 of 13

A. Minimum wages for all hours worked;

B. Liquidated damages; and

C. Attorney's fees and costs.

49. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers in the last three years.**

50. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties and requirements;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants;

E. They did not receive a lawful minimum wage or overtime premium.

Page 8 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 8 of 13

53. Plaintiff's claims are essentially the same as those of the putative collective.

54. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

55. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds fifty persons.

56. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

57. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets

Page 9 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action
Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 9 of 13

certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

63. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

64. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
**(Collective Action Claim for Violation of the FLSA)**

66. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and others within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

Page 10 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 10 of 13

69. During the period relevant to this lawsuit, Defendant classified Plaintiff and all others similarly situated as nonexempt from the requirements of the FLSA.

70. Defendant failed to pay Plaintiff and all others similarly situated a lawful minimum wage for all hours worked.

71. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VIII. THIRD CAUSE OF ACTION
**(Individual Claim for Violation of the RSMo)**

73. Plaintiff asserts this claim for damages and declaratory relief pursuant to RSMo § 290.101, *et seq.*

74. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of RSMo § 290.500(4).

75. RSMo § 290.502 requires employers to pay employees minimum wage as set forth in that statute.

76. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the requirements of the RSMo

77. Despite the entitlement of Plaintiff to a lawful minimum wage under the RSMo, Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

78. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

Page 11 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 11 of 13

79. By reason of the unlawful acts alleged herein, Defendant is liable for monetary and liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

80. RSMo § 290.110 requires employers to pay any discharged employee the unpaid wages due on the day of the discharge. If not paid, the employee may request her unpaid wages in writing, after which the employer has 7 days to provide the employee with the wages due. If still not paid, then as a penalty, the employee's wages shall continue from the date of discharge at the same rate paid for 60 days or until paid, whichever is sooner.

81. Plaintiff hereby requests her unpaid wages be paid to her within 7 days of service of this Complaint, pursuant to RSMo § 290.110.

82. If unpaid within 7 days, Defendant will owe Plaintiff wages from the date of discharge to the present, continuing for as long as Defendant fails to pay Plaintiff her wages or until 60 days from the date of discharge have passed, whichever is sooner.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Nicole Taylor, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

Page 12 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action

Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 12 of 13

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the RSMo and their attendant regulations;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the RSMo and their attendant regulations;

E. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the RSMo and their attendant regulations

F. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**NICOLE TAYLOR, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Harness*
Courtney Harness
Mo. Bar No. 56923
harness@sanfordlawfirm.com

**Page 13 of 13
Nicole Taylor, et al. v. Dream Team Pizza, LLC
U.S.D.C. (W.D. Mo.) Case No. 4:22-cv-619
Original Complaint—Collective Action**
Case 4:22-cv-00619-RK   Document 1   Filed 09/29/22   Page 13 of 13